**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**DANNY LEE HOOPER**                                                                           **PLAINTIFF**
**ADC #107609**

**VS.**                        **NO. 2:09CV00135 SWW/BD**

**WESLEY JAMISON, et al.**                                                     **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party.

If there is no objection, Judge Wright may not review all of the evidence in this case. Also, any party not objecting may not have a right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.     Background:

On September 10, 2009, Plaintiff Danny Lee Hooper, an inmate incarcerated at the Tucker Unit of the Arkansas Department of Correction ("ADC"), filed this action pro se under 42 U.S.C. § 1983, claiming he was assaulted during an incident that occurred on April 19, 2009. (Docket entry #2) On September 23, 2009, Mr. Hooper moved to voluntarily dismiss this action because he had not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (#6) The motion was granted. (#7)

On November 16, 2009, Mr. Hooper moved to re-open this case, stating that he wanted to proceed against Defendants Jamison, Smith, and Mounger, but that he wanted to dismiss Defendants Harmon and Ball. (#10) The Court granted the motion to re-open the case against Defendants Jamison, Smith, and Mounger, and instructed Mr. Hooper to file an amended complaint. (#13)

On December 28, 2010, Mr. Hooper filed an amended complaint. (#17) Although he identified only Jamison, Smith, and Mounger as Defendants, Mr. Harmon and Mr. Ball also were mentioned in the amended complaint. (#17 at p.6)

On January 14, 2010, the Court instructed the Clerk of the Court to prepare summonses for Defendants Jamison, Smith, Mounger, Harmon, and Ball. (#18) Defendants Harmon and Ball then moved for an order of dismissal under Federal Rule of Civil Procedure 60(a). (#28) Mr. Hooper responded to the motion stating that he

had decided to proceed against Defendants Harmon and Ball as well as the other Defendants (#38). The Court denied the motion to dismiss, without prejudice (#56).

The Court later granted another motion to dismiss filed by Defendants Ball and Harmon. (#90) Mr. Jamison then moved to voluntarily dismiss his claims against Defendants Smith and Mounger, which the Court granted. (#108) The only remaining Defendant in this lawsuit is Wesley Jamison.

Mr. Jamison has now moved for summary judgment. (#112) He argues that Mr. Hooper failed to exhaust his administrative remedies against him and that any force used was used in a good faith effort to restore discipline. Mr. Jamison also argues that Mr. Hooper is not entitled to any compensatory damages because he suffered no physical injury. Mr. Hooper has responded to the motion, and Mr. Jamison has replied to that response. (#120 and #124)

Based on the evidence presented, the Court recommends that Mr. Jamison's motion for summary judgment (#112) be GRANTED. Mr. Hooper's claims against Mr. Jamison should be dismissed without prejudice for failure to exhaust his administrative remedies as required by the PLRA. See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010)(unpublished opinion)(holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice); *Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion).

**III.    Discussion:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleadings and, by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted. See *Celotex*, 477 U.S. at 322.

    B.    Exhaustion

The PLRA requires prisoners to exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001)(holding that available remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately

utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). It does not matter whether the prisoner subjectively believed that there was no point in pursuing his administrative remedies. *Lyon v. Vande Krol*, 305 F.3d 806, 808–09 (8th Cir. 2002); *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied 531 U.S. 1156 (2001). If exhaustion is not complete by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

Prisoners may be excused from completing administrative procedures, but only when correctional officials have prevented them from using the procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

Administrative Directive 04-01 contains the Arkansas Department of Correction Grievance Procedure in effect during the time period relevant to this lawsuit. (#112-9) According to ADC 04-01, an inmate must appeal the Warden's response to the Deputy Director of the ADC in order to fully exhaust his administrative remedies. (#112-9 at pp.10-12)

Here, Mr. Hooper filed three grievances regarding the incident at issue prior to filing this lawsuit - EA 09-1012, EA 09-1202, and EA 09-1071. (#112-5 at pp.1 and 7 and #120 at p.21) He submitted EA 09-1012 on April 27, 2009. (#112-5 at p.1) In that grievance, he specifically describes Mr. Jamison's alleged unconstitutional conduct. (#112-5 at p.1)

On May 15, 2009, Brenda Perry, the EARU Grievance Officer, informed Mr. Hooper that she received his grievance dated April 27, 2009, on May 15, 2009, and that his grievance, therefore, was not timely filed. (#112-5 at p.2) After three grievance response extensions, on November 12, 2009, Mr. Hooper received Warden Harmon's response to grievance EA 09-1012. (#112-5 at p.6) Warden Harris found the grievance to be without merit. Mr. Hooper did not appeal the Warden's decision to the Deputy Director as required by the Inmate Grievance Procedure.

Although it is unclear why grievance EA 09-1012 was not received by Ms. Perry in a timely fashion, that does not create a genuine issue of material fact regarding whether Mr. Hooper fully exhausted his administrative remedies. Based on the undisputed evidence, Mr. Hooper failed to appeal Warden Harmon's response to grievance EA 09-1012 to the Deputy Director. For that reason, he has not fully exhausted this grievance.

In the second grievance that Mr. Hooper filed, EA 09-1202, he complains that ADC staff failed to follow ADC policy in processing grievance EA-09-1012. (#112-5 at p.7) He states that grievance EA 09-1012 should have been forwarded immediately to Warden Harmon to review because Mr. Hooper complained about an ADC staff member's conduct and that his due process rights were violated.

Although Mr. Hooper mentions Defendant Jamison in that grievance, he does so only in reference to grievance 09-1012. Neither the Warden nor the Deputy Director addressed Mr. Hooper's excessive force allegations in their appeal decisions. And

although Mr. Hooper did eventually fully exhaust this grievance, he did not complete the exhaustion process until after this lawsuit was filed.  Mr. Hooper received the Deputy Director's decision nearly a month after he filed his original complaint in this case. (#112-5 at p.11)

Finally, Mr. Hooper fully exhausted grievance EA 09-1071, but only after this lawsuit was filed.  Although the grievance was filed on July 27, 2009, the Warden's decision is dated April 1, 2010, and the final appeal decision is dated June 2, 2010. (#120 at pp.22 and 24)  Mr. Hooper filed this lawsuit on September 10, 2009. (#1)  He moved to voluntarily dismiss the case because he had not exhausted his administrative remedies, but he moved to re-open the case before grievance EA 09-1071 was fully exhausted.  The PLRA requires that an inmate fully exhaust his administrative remedies <u>prior</u> to filing suit.  Until a claim is fully exhausted, a federal court has no jurisdiction to hear that claim.

Mr. Hooper has failed to present any evidence to rebut the evidence that he did not fully exhaust his administrative remedies as to his claim against Mr. Jamison prior to filing this lawsuit.  Nor has he provided evidence that he was prohibited from pursuing his administrative remedies.  For that reason, Mr. Jamison is entitled to judgment as a matter of law.

IV.     **Conclusion:**

The Court recommends that Mr. Jamison's motion for summary judgment (#112) be GRANTED and that Mr. Hooper's claims against Mr. Jamison be DISMISSED without prejudice. The evidentiary hearing scheduled for September 14, 2011 is CANCELLED.

DATED this 30th day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE